CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM A, SIMMONS (CABN 146400)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7264
    FAX: (415) 436-7234
    Abraham.Simmons@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN SANDELIN, <br><br> Defendant. | CASE NO. CR 3:24-CR-426 MAG <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Court: Hon. Alex G. Tse <br> Hearing Date: December 19, 2025 <br> Place: Courtroom A, 15th Floor <br> Hearing Time: 10:30 A.M. |

## I.  INTRODUCTION

The defendant Bryan Sandelin is a 45-year-old U.S. citizen with an extensive history of property crimes. Sandelin is a repeat burglar who, at the time of the filing of the Information in this case, had four open cases in San Francisco Superior Court that were either scheduled or being scheduled for trial. In this case, he was captured during a sting operation while attempting to sell items that had been stolen from a storage building in the Presidio of San Francisco.  The items stolen from the building had a combined value of more than $30,000.

It is the government's view that this case and the jointly proposed resolution represents an opportunity for Mr. Sandelin to turn a corner—away from drugs and alcohol, and back toward a more productive and promising future.  The parties jointly propose a non-custodial sentence.  Instead, Mr.

Sandelin would undergo three years of probation, which would include all standard conditions of supervision; ongoing treatment and testing; and an order to stay away from the Presidio (whence the stolen equipment came) and the Cliff House (a property that is the subject of separate litigation between Mr. Sandelin and the City and County of San Francisco).  The government believes this proposed resolution would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

## II.     OFFENSE CONDUCT

Sometime before Tuesday, January 16, 2024, several items were stolen from a building referred to as the Conex storage unit at 1603 Birmingham Road in the Presidio of San Francisco, within the territorial jurisdiction of the United States. The stolen items included: (a) a generator (referred to as a "Power Bank"); (b) five reserve battery packs; and (c) several Ryobi-brand construction tools. The combined value of the stolen items exceeded $30,000.

Mr. Sandelin admitted that sometime after the theft, he knowingly received and/or retained the stolen items and that while he possessed the items he knew they had been stolen from a federal facility. Mr. Sandelin also acknowledged that he posted advertisements on Craigslist and eBay to solicit buyers as he attempted to sell the items.   He agreed to sell the Power Bank to a potential buyer for $5,000 and arranged to meet the potential buyer on April 19, 2024, at 9:00 a.m., at Fort Funston, San Francisco.  He did not know at the time that his potential buyer was, in reality, a federal law enforcement officer.

## III.    PROCEDURAL HISTORY

On July 30, 2024, the United States filed a criminal Information charging Mr. Sandelin with one count of possession of stolen property, in violation of 36 C.F.R. § 2.30(a)(5).

The parties requested several continuances to resolve discovery issues and to allow Mr. Sandelin to pursue treatment. *See, e.g.*, Stipulation and Order filed herein dated May 19, 2025 ("Mr. Sandelin is in inpatient treatment at Harbor Lights, and is in Intensive Supervision Court in San Francisco County, including weekly appearances and a case manager through Citywide who works directly with him and meets with him weekly."); Stipulation and Order file herein dated November 14, 2025 ("[T]he parties stipulate that it would be preferable to negotiate a conclusion to this case without disrupting Mr. Sandelin's treatment, if possible.")

1   On November 17, 2025, this Court signed an Order granting the parties' stipulation setting this
2   matter for December 9, 2025, for a combined change of plea and sentencing.

### IV. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

### V. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Violation of Section 2.30(a)(5) is a Class B Misdemeanor. It has been almost two years since the goods worth $30,000+ were stolen from the Presidio storage area—initiating the investigation that led to this prosecution. Further, it has been more than a year since Mr. Sandelin attempted to sell the stolen goods to federal officers—resulting in his arrest. During much of the time since Mr. Sandelin was arrested, he has undergone significant treatment for conditions which he claims contributed to his decision to commit the possession of stolen property crime. The government believes—and expects—that the jointly proposed resolution provides the remaining elements Mr. Sandelin and the public need to ensure the purposes of 18 U.S.C. § 3553(a) are met.

Although in most cases the nature and circumstances of the offense of conviction are sufficiently serious to warrant a custodial sentence, this case is different because Mr. Sandelin has demonstrated for the last year that a three-year probationary period should be sufficient. During this probationary period, The government stands by the proposed plea agreement. Pursuant to the agreement, Mr. Sandelin will be subject to Mandatory, Standard, and Special Conditions of Supervision. Most importantly, Mr. Sandelin will be required to participate in a program of treatment for drug or alcohol abuse, as directed by the Probation Officer; he will be required to submit to drug testing, and he will be prohibited from entering the Presidio and the Cliff House, properties on which he has previously found trouble.[1] As noted in his sentencing memorandum, Mr. Sandelin already has begun the work of turning away from drugs and

---

[1] Transmitted to the Court concurrently with this memorandum is an updated Proposed Plea Agreement which includes the following: (1) the Standard Conditions of Supervision and (2) a Special Condition that requires the defendant to stay away from (a) the Presidio of San Francisco, and (b) the Cliff House Restaurant located on 1090 Point Lobos Avenue in San Francisco. Although the Cliff House is not mentioned in the defendant's sentencing memorandum, the government believes the parties will confirm this provision is a part of the plea agreement.

becoming gainfully employed. Accordingly, the additional incentives in the proposed sentence should be sufficient to ensure the purposes of 18 U.S.C. § 3553(a) are met.

For similar reasons, the parties' recommended sentence also promotes respect for the law and provides just punishment for the offense. The drug testing regimen combined with the other Mandatory and Special Conditions of Supervision as well as the stay-away order provide sufficient punishment and will discourage others from attempting to sell stolen federal property such as has been done in this case.

## VI. CONCLUSION

For the reasons stated above, the government recommends that this Court impose a sentence that includes three years of probation which includes the Standard Conditions of Supervision, ongoing treatment and testing, and an order to stay away from both the Presidio and the Cliff House. The government believes this proposed resolution would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED: December 8, 2025                      Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Abraham Simmons*
ABRAHAM A. SIMMONS
Assistant United States Attorney